UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO    FILED

| | |
|---|---|
| RICHARD LENARD LAECI<br>501 THOMPSON RD<br>CONNEAUT, OH 44030<br><br>    Plaintiff,<br><br>    v.<br><br><br><br>MARYMOUNT HOSPITAL/<br>CLEVELAND CLINIC HOSPITAL<br>12300 McCRACKEN RD<br>GARFIELD HEIGHTS, OH 44125<br><br>    and<br><br>METRO HEALTH HOSPITAL<br>2500 METROHEALTH DR<br>CLEVELAND, OH 44109<br><br>    and<br><br>JOHN DOES 1-5<br><br>    Defendants. | : CASE NO:   2018 DEC 31 PM 2:16<br>: JUDGE:   CLERK U.S. DISTRICT COURT<br>:          NORTHERN DISTRICT OF OHIO<br>:                CLEVELAND<br>:<br>:<br>: **1:18 CV 2995**<br>:<br>: ORIGINAL COMPLAINT FOR NEGLIGENCE<br>  CIVIL CONSPIRACY AND FRAUDULENT<br>: CONCEALMENT FOR FOURTEENTH AMEND-<br>  VIOLATIONS OF THE FEDERAL PRIVACY<br>: ACT OF 1974.<br>:<br>:<br>:  **JUDGE BOYKO**<br>:<br>:<br>:  **MAG. JUDGE PARKER**<br>:<br>: JURY DEMAND ENDORSED HEREON.<br>: |

## JURISDICTION

According to the U.S. Constitution, the Northern District for the State of Ohio is the proper jurisdictrion to hear claims for redress as it relates to violations of Federal Civil Rights of due process and equal protection of law. This instant claim addresses constitutional violations. This Court has subject matter jurisdiction in this case.

## VENUE

Venue is proper and is the correct forum in the Northern District Federal Court pursuant to 28 U.S.C.A. §1391 of the U.S. Constitution.

## JURY ENDORSEMENT

Plaintiff reserves the right to a trial by jury pursuant to U.S.C.A. Constitution, Amendment VII, in this case.

Plaintiff
Richard Lenard

1

## I. BACKGROUND

1. On October 7, 2015, Plaintiff, ("Lenard"), was involved in an altercation with Kassandra Hankins, ("K.H.") that turned physical. K.H. made a statement to nurse Donna DiGiamonia at Marymount Hospital/Cleveland Clinic with the assistance of patrolman Richard Cramer of the Garfield Hts police department. The statement made by K.H. was included in her medical records.

2. On November 21, 2015, Lenard and K.H. were involved in another physical altercation. K.H. made statement to the nurseing staff at Metrohealth Hospital and that statement was included in her medical records.

3. K.H. initiated both altercations, was the first person to attack Lenard, first to instigate the altercation and the first to begin physical contact against Lenard.

4. On November 25, 2015, K.H. persoanlly contacted the detective in charge of the Metrohealth Hospital incident, det. Jeff Wells of the Parma police that she did not want to press charges against Lenard due to her initiating the altercation.

5. Between December 15, 2015 and January 8, 2016 a subpeona and/or a request and/or a warrant was issued for the medical records from the defendants without a signed authorization to release the records from K.H.

6. Between December 15, 2015 and January 8, 2016, defendants turned over K.H. medical records without a signed authorization from K.H. to be used as evidence against Lenard.

7. On November 29, 2015, det. Wells of Parma began to persue Lenard for prosecution against the wishes and demands of K.H. without just cause and against the good faith exception.

8. On December 5, 2015, a detective from Parma met K.H. in Cleveland Ohio where K.H. signed a "No Prosecution Form". The detective was not det. Wells. He attempted to convince K.H. that the failure to prosecute Lenard was a mistake and should prosecute Lenard

2

and tried to influence her decision in this cause. K.H. did not want to cooperate with det. Wells investigation.

9. On December 16, 2015, Lenard was arrested for attempted murder, felonious assault, kidnapping, aggravated robbery, disrupting public service and endangering.

10. On December 17, 2016 Lenard was moved from the city jail to the Cuyahoga County detention center.

11. On December 20, 2015, Lenard discovered that det. Wells was pursuing this prosecution against Lenard outside the wishes of K.H. Det. Weels threatened K.H. that if she did not cooperate with the investigation, she would be prosecuted in this cause.

12. On December 21, 2015, K.H. met det. Wells and reiterated to him she did not want to press charges against Lenard and she signed and authored another "No Prosecution Form" signed and notorized and it was given to det. Wells.

13. On January 8, 2015, the prosecutor's office held a grand jury hearing and used K.H. personal medical records without her written consent in the hearing to indict Lenard in violation of the Federal Privacy Act of 1974 and the HIPAA Act. Metro Health Hospital and Marymount/Cleveland Clinic released the medical records without K.H. written authorization.

14. On January 8, 2015 Lenard remained in jail without a preliminary hearing to challenge probable cause in this case.

15. On January 14, 2016, Lenard made a request for discovery in this cause. The prosecutors office answered Lenard's request however, deemed the discovery "Counsel Only" where Lenard could not personally see the facts himself contained in the discovery. The prosecutor's demand of "Counsel Only" did not meet the requirements of Crim. R. 16 of the Ohio Revised Code and violated Lenard's ability to discover the nature of the cause of action.

3

The "Counsel Only" label prevented Lenard from discovering the fact that the medical records were provided to the prosecutors office without written authorization from K.H.

16. On October 24, 2016, prosecutor Jonathan Block and Anna Woods treated K.H. as a hostile witness with the permission of the Court and cross examined her against her own statement contained in the illegally obtained medical records in order to discredit her trial testimony. This act was intentional and malicious.

17. On October 26, 2016, defense attorney James McDonnell maliciously, and without Lenard's permission or consent or knowledge stipulated to the authenticity of the medical records after Lenard was excused for the day by the Court and behind Lenard's back on the record. This allowed the State to circumvent the rules of evidence.

18. On October 26, 2016, the illegally obtained medical records became States Exhibit 31 & 32 in case numbers CR-15-602274 & CR-15-602350.

19. On October 27, 2016, Lenard was found guilty by a jury of assault and kidnapping from the illegally obtained medical records in States Exhibits 31 & 32. Without the illegally obtained medical records the State would not have been able to rely on States Exhibits 31 & 32. From the illegally obtained medical records the trial court, Judge Maureen Clancy presiding, sentenced Lenard to serve 13 years in the Ohio penal system. From this ordeal Lenard's mental health condition of post traumatic stress disorder, anxiety, depression and insomnia has more intense and has become worse. Lenard has been and is currently on the mental health case load were he has a personal liason at Lake Erie Correctional Institution where he is classed as a C2 mental health status.

20. On April 1, 2018, Lenard wrote a letter to appellate counsel Stephen Hardwick requesting the medical records authorization for the defendants in an attempt to discover how the records were released without proper authorization.

21. On April 18, 2018, attorney Hardwick refused to give to

4

Lenard the requested information preventing him from discovering the facts needed in this cause.

22. On May 19, 2018, Lenard received a letter from the Cuyahoga County Clerk in response to Lenard request pertaining to the medical records. The Clerk refused to Lenard the requested information preventing him from discovering the facts needed in this cause.

23. On May 24, 2018, the Eighth District Court of Appeals affirmed Lenard's convictions and ordered Lenard to continue to serve 13 years in prison from the introduction of the illegally obtained medical records.

24. On August 16, 2018, Amy C. Stone from the Disciplinary Counsel affirmed that their office would not further investigate Lenard's requests of attorney James McDonnell surrounding the medical records preventing him from discovering the facts needed in this cause. The file was marked as ODC File No. B6-2623.

25. On October 24, 2016 until present plaintiff has attempted to discover how Det. Wells and/or the prosecutors office persuaded Marymount Hospital and Metrohealth into releaseing K.H. medical records without written authorization.

26. On September 25, 2018, plaintiff filed a complaint concerning the release of the medical records that prejudiced, harmed and damaged his trial on October 24, 2016 to the department of health and human services. The complaint was against the defeandants named in this instant case.

## Count 1
## NEGLIGENCE

As Against: All Defendants

27. The allegations contained in 1-26 above are fully restated herein as though fully rewritten and incorporated.
28. Defendant's by all acts alleged herein, owed plaintiff a duty to avoid violating his due process rights and equal protection

5

of law rights but failed when they obtained Kassandra Hankins medical records from Marymount Hospital/Cleveland Clinic and Metrohealth Hospital between December 15, 2015 and January 8, 2016 and used them at the January 8, 2016 grand jury hearing in Cuyahoga County without Kassandra Hankins written authorization in violation of the Federal Privacy Act of 1974 and the Federal HIPAA Act. Defendant's used the illegally obtained medical records and submitted them into evidence marked as States Exhibit's 31 & 32 over plaintiff's objection, submitted the medical records to the jury in plaintiff's trial in case numbers CR-15-602274 & CR-15-602350, to secure a conviction against plaintiff in a criminal proceeding.

29. Defendant's by all acts alleged herein, scandelously failed their duty to avoid violating plaintiff's due process rights and equal protection of law rights due to the fact that they failed to uphold the General Assembly's enactment it imposed of the specific duty to protect plaintiff's safety from prejudice, harm and damage in failing to secure a written authorization from Kassandra Hankins to legally release her medical records from Marymount Hospital/Cleveland Clinic and Metrohealth Hospital between December 15, 2015 and January 8, 2016. Defendant had a duty to ensure States Exhibit's 31 & 32 were properly and legally obtained in order to legally be submitted into evidence. defendant's breached that duty owed to plaintiff.

30. Defendant's by all acts alleged herein, breached their legal duty as they acted under color of law and acted as officer's of the State of Ohio and acted as professionals of the medical field when they knew or should have known that their conduct was reckless causing proximate injury and harm to the plaintiff when they obtained the illegal medical records and submitted them to the grand jury on January 8, 2016 to secure an indictment against plaintiff to criminally charge him in Cuyahoga County Common Pleas Court. Defendant's further caused proximate injury and harm to plaintiff when they intorduced the illegally obtained medical records into plaintiff's jury trial on October 24, 2016 in case number's CR-15-602274 & CR-15-602350 using the records

6

as evidence against plaintiff and introducing the records as
States Exhibit's 31 & 32. Defendant's further caused plaintiff
injury and harm due to the fact that thet showed the pictures
and information and statements contained in the private medical
records to the impaneled jury to convince the juror's plaintiff
was guilty of violating a statue of the State of Ohio. Defendant's
further caused plaintiff injury and harm when they called as
States witnesses Donna DiGiandomenico (nurse at Marymount Hospital/
Cleveland Clinic), Tiffany Kozial (nurse at Metrohealth Hospital)
and Brian Miller (doctor at Metrohealth Hospital) to elaborate
on States Exhibit's 31 & 32 to the jury to convice the jury to
find plaintiff guilty of violations of a State Statue.

31. Defendant's by all acts alleged herein owed plaintiff a duty,
breached that duty and proximately caused plaintiff irreversible
injury and damage.

32. Defendant's knew or should have known that their reckless
disregard for the rights of the plaintiff would result in damage
and injury to the plaintiff in an amount equal to three million
dollars plus damages.

### Count 2
### CIVIL CONSPIRACY

As Against: All Defendants

33. The allegations contained in 1-32 above are fully restated
herein as though fully rewritten and incorparated.

34. Defendant's by all acts alleged herein committed a malicious
combination of securing a criminal conviction against the plaintiff
through the Ohio criminal judicial system in Cuyahoga County
Common Pleas when theyillegally obtained Kassandra Hankins medical
records from Marymount Hospital/Cleveland Clinic and Metrohealth
Hospital with reckless abandon for the rights of the plaintiff
by using the report of the injuries and K.H.'s statement's con-
tained within the records against plaintiff to secure an indictment
against plaintiff on January 8, 2016. Defendant's then used the

illegally obtained records in plaintiff's jury trial on October 24, 2016 and cross examined K.H. with her own medical records treating her as a hostile witness to impeach her testimony in order to convince the jury of plaintiff's guilt to secure an unlawful conviction. Defendant's then, with wanton disregard for the rights of the plaintiff submiited the medical records into evidence against plaintiff's objection and marked the illegally obtained records as State of Ohio's Exhibits 31 & 32 where the jury was shown in person the medical records which prejudiced plaintiff's position and defense in the criminal proceeding.

35. Defendant's by all acts alleged herein, acted in conjunction with one another to secure an unlawful conviction against plaintiff with flagrant defiance for the rights of the plaintiff bycalling State witnesses officer Richard Cramer, officer Randall Tucker, officer James Manzo, officer Robert Gerbic, Officer Pete Stroe and det. Wells to testify against plaintiff using the illegally obtained medical records. Defendant's Marymount Hospital/Cleveland Clinic and Metrohealth Hospital released the medical records to it's co-conspiritor's against the Federal Privacy Act of 1974 and against the Federal HIPAA Act knowing that a valid authorization form from Kassandra Hankins was needed but was not authorized in this case.

36. Defendant's by all acts alleged herein, violated plaintiff's fourteenth amendment rights to the Federal Constitution of the United States for due process and equal protection and injured and damaged plaintiff due to the fact that their reckless and vile prosecution of plaintiff by using the illegally obtained medical records convinced the October 24, 2016 jury to convict plaintiff of the crimes of felonious assault and kidnapping. Due to the criminal conviction secured against plaintiff, the trial court, initiated by Judge Maureen Clancy, sentenced plaintiff to 13 years in the Ohio penal system from the unlawful conspiracy.

37. Defendant's by all acts alleged herein, committed a malicious combination of instituting criminal charges against plaintiff

without probable cause against the sworn trial testimony of Kassandra Hankins that she initiated the physical altercation's on October 7, 2015 and November 21, 2015, that she struck plaintiff first in both instances, that she began the physical assault against plaintiff, that she testified that plaintiff only defended himself, that plaintiff only hit back to defend Kassandra Hankins assault and that Kassandra Hankins was the aggressor in both instances. The existence of the unlawful act of obtaining the medical records without Kassandra Hankins written authorization was independent from the actual consiracy due to the fact that the medical records were used and submitted into evidence as States Exhibit's 31 & 32 aginst plaintiff to secure a criminal conviction against plaintiff. Plaintiff's rights were violated with flagrant defiance when the illegally obtained records were used as evidence against him when defendant's knew or should have known they had no right.

38. Defendants knew or should have known that their reckless disregard for the rights of the plaintiff would result in damage and injury to the plaintiff in an amount equal to three million dollars plus damages.

### Count 3
### FRAUDULENT CONCEALMENT

As Against: All Defendants

39. The allegations contained in 1-38 above are fully restated herein as though fully rewritten and incorporated.

40. Defendant's by all acts alleged herein, concealed the fact that the medical records were obtained without an written authorization from Kassandra Hankins when det. Jeff Wells testified on or about October 26, 2016 and stated Kassandra Hankins signed a written authorization to release her medical records on December 21, 2015 when she did not. Det. Wells testimony was transcribed by court reporter Leslie Cooley on October 26, 2016, Cuyahoga County Common Pleas, Judge Maureen Clancy.

41. Defendant's by all acts alleged herein, concealment prevented

9

plaintiff from discovering the medical records were illegally obtained to be used as evidence against him in his criminal trial due to the fact that defendant moved the trial court, on January 20, 2016, to revoke plaintiff's phone and mail privileges isolating plaintiff in a 6 by 9 cell without any mail or phone privileges preventing him from any outside contact to the world thwarting plaintiff's process of discovering the illegally obtained medical records. Further, defendant's labeled plaintiff's discovery request on January 20, 2016 "Counsel Only" in order for plaintiff to further be prevented from personally discovering the information surrounding the illegally obtained medical records. Defendant's concelament prevented plaintiff from discovering the facts that the medical records were obtained without written authorization.

42. Plaintiff by all acts alleged herein, exercised due diligence in trying to find out about the illegally obtained medical records after he read his October 24, 2016 trial transcripts for the first time and discovered after the trial court excused plaintiff for the day, the trial court went back on the record and admitted the illegally obtained medical records into evidence without plaintiff's knowledge or authority. Plaintiff then wrote a complaint on defense attorney James McDonnell to the Ohio Supreme Court's Disciplinary Counsel concerning the illegally obtained records. Plaintiff then wrote a letter to the Eighth District Court of Appeals Clerk of Court's to obtain the written authorization for the medical records. Plaintiff then wrote a letter to the Cuyahoga County Clerk of Court's to obtain the written authorization for the medical records. Plaintiff then contacted Rodney Jackson who physically went to the Cuyahoga County Clerk of Courts to retrieve the written authorization for the release of the medical records from Marymount Hospital/Cleveland Clinic and Metrohealth Hospital however, plaintiff discovered the written authorization was not submitted into evidence by the State of Ohio because the authorization does not exist and is not attached to States Exhibits 31 & 32.

43. Defendants knew or should have known that their reckless disregard for the rights of the plaintiff would result in damage

and injury to the plaintiff in an amount equal to three million dollars plus damages.

## DECLARATORY JUDGMENT

Plaintiff prays for a Declaratory Judgment against the deffendants in this cause that the medical records obtained from Marymount Hospital/Cleveland Clinic and Metrohealth Hospital for Kassandra Hankins, d.o.b. 4/4/1993, last four of ssn: 1303 were released to the State of Ohio in the prosecution of Richard Lenard in case number's CR-15-602274 & CR-15-602350, State of Ohio v. Richard Lenard without Kassandra Hankins written authorization as required by the Federal Privacy Act and the Federal HIPAA Act.

## PRAYER FOR RELIEF

1. Plaintiff prays for a monetary judgment against the defendant's in an amount of $3,000,000.00 plus punitive, compensatory, actual, special, economical, loss of family time, loss of freedom and loss of employment.

2. Plaintiff prays for Declaratory Judgment in this cause.

3. Plaintiff prays for the filing fee and all court costs be billed to the defendants.

4. Plaintiff prays for any other relief this Honorable Court deems just against the defendants and for the plaintiff.

Plaintiff
Richard Lenard #700503
501 Thompson Rd
Conneaut, OH 44030
December 22, 2018

11