UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **RICHARD LENARD,** | ) | **CASE NO. 1:18CV2995** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | |
| | ) | |
| **MARYMOUNT HOSPITAL, et al.,** | ) | **OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J:**

*Pro se* Plaintiff Richard Lenard brings this action against Marymount Hospital/Cleveland Clinic Hospital, Metro Health Hospital and John Does 1-5 (collectively, "Defendants"). He asserts claims against the Defendants for Negligence, Civil Conspiracy and Fraudulent Concealment, alleging that they unlawfully released the medical records of another individual to prosecutors in connection with two Cuyahoga County criminal cases brought against him: case numbers CR-15-602274 and CR-15-602350 (collectively, the "Criminal Cases"). (ECF DKT #1 ¶ 18).

For the reasons that follow, this action is dismissed.

**I. BACKGROUND**

According to the Complaint, Plaintiff and Kassandra Hankins were involved in physical altercations on October 7, 2015 and November 21, 2015. These altercations resulted in visits to defendant hospitals where Hankins gave statements which were included in her medical records. (*Id*. ¶¶ 1-2). Plaintiff claims that Hankins declined to press charges, but the Cuyahoga County

prosecutors brought charges anyway. (*Id*. ¶¶ 4, 7, 8). On December 16, 2015, Plaintiff was arrested for Attempted Murder, Felonious Assault, Kidnaping, and other charges. (*Id*. ¶ 9). He claims that a subpoena/warrant/request was issued to Defendants for Hankins' medical records, and Defendants provided those records without a signed authorization from Hankins – those "illegally obtained" records were then used by Cuyahoga County prosecutors to indict, prosecute, and convict Plaintiff in the Criminal Cases. (*See id*. ¶¶ 5, 6, 13, 16, 18, 19).

In Count 1, Plaintiff claims that Defendants owed him a duty to avoid violating his rights to due process and equal protection and were negligent in releasing Hankins' medical records to prosecutors. (*Id*. ¶¶ 27-32). In Count 2, Plaintiff alleges that Defendants released Hankins' medical records without her permission to their "co-conspirators" (in violation of the Federal Privacy Act of 1974 and the Health Insurance Portability and Accountability Act of 1996 ("HIPAA")), who used those records in connection with the Criminal Cases, violating his Fourteenth Amendment rights to due process and equal protection. (*Id*. ¶¶ 33-38). In Count 3, Plaintiff alleges that Defendants fraudulently concealed the fact that Hankins' medical records were obtained without her written authorization, which prevented him from discovering that the records were illegally obtained for use as evidence against him. (*Id*. ¶¶ 39-43).

For relief, Plaintiff seeks a declaration that Hankins' medical records were released by Defendants to the State of Ohio without her written authorization as required by the Federal Privacy Act and HIPAA and seeks three million dollars in compensatory and punitive damages. (*Id*. at 12).

## II. DISCUSSION

**A. Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), federal district courts are expressly required under 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* actions and to dismiss before service any such action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. The standard for dismissal articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) with respect to Fed. R. Civ. P. 12(b)(6) also governs dismissal under § 1915(e)(2)(B)). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Therefore, in order to survive scrutiny under § 1915(e)(2)(B), a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state a plausible claim for relief. *Anson v. Corr. Corp. of Am.*, 529 F. App'x 558, 559 (6th Cir. 2013) ("Section 1915(e)(2)(B) authorizes dismissal if the action fails to state a plausible claim for relief or is frivolous.").

While *pro se* pleadings are held to less stringent standards than formal pleadings drafted by lawyers, *pro se* plaintiffs must still satisfy basic pleading requirements and the Court is not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (citations omitted). A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief, and must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

**B. Plaintiff's Constitutional Claims are Dismissed**

As an initial matter, Plaintiff alleges throughout the Complaint that Defendants violated his Fourteenth Amendment constitutional rights to due process and equal protection by providing Hankins' medical records without her authorization to prosecutors for use in the Criminal Cases. But "the Fourteenth Amendment, which prohibits the states from denying federal constitutional rights and which guarantees due process, applies to acts of the states, not to acts of private persons or entities." *Perdue v. Quorum Health Res., Inc.*, 934 F. Supp. 919, 922 (M.D. Tenn. 1996) (citing *Rendell-Baker v. Kohn,* 457 U.S. 830, 837 (1982)).

In order to state a claim for violation of his Fourteenth Amendment constitutional rights under 42 U.S.C. § 1983, Plaintiff must allege that a person acting under color of state law deprived him of those rights. *West v. Atkins,* 487 U.S. 42, 48 (1988). "The principal inquiry in determining whether a private party's action constitutes 'state action' under the Fourteenth Amendment is whether the party's actions may be 'fairly attributable to the state.'" *Perdue,* 934 F. Supp. at 922 (quoting *Wolotsky v. Huhn,* 960 F.2d 1331, 1335 (6th Cir. 1992)). But there are no allegations in the Complaint that Defendants are state actors, or any allegations from which this Court may infer that when Defendants engaged in the alleged constitutional violations, their actions were fairly attributable to the state.[1]

Thus, Plaintiff fails to state a plausible § 1983 claim that Defendants violated his rights under the Fourteenth Amendment and that claim is dismissed pursuant to 28 U.S.C. § 1915(e)**.**

---

[1] There are three tests to determine whether the challenged conduct of a private person or entity may be fairly attributable to the state in order to hold the Defendants liable under § 1983: (1) the public function test; (2) the state compulsion test; and (3) the symbiotic relationship or nexus test. *Perdue*, 934 F. Supp. 2d at 922 (citing *Wolotsky,* 960 F.2d at 1335).

## C. Count 2 is dismissed

In Count 2, Plaintiff claims that Defendants violated HIPAA and the Federal Privacy Act[2] by providing Hankins' records without her written authorization to their "co-conspirators" in order to secure a conviction against him in the Criminal Cases. Regardless of whether Defendants violated HIPAA or the Federal Privacy Act, Plaintiff fails to state a plausible civil conspiracy claim.

Plaintiff does not cite the statutory basis for his civil conspiracy claim, but he does claim that the alleged conspiracy violated his right to equal protection. (ECF DKT #1 ¶ 36). In order to state a civil conspiracy claim pursuant to 42 U.S.C. § 1985, Plaintiff must allege: (1) a conspiracy of two or more persons; (2) with the purpose to deprive, directly or indirectly, a person or class of persons of equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) which causes injury to the person or property of Plaintiff or deprivation of any right or privilege of a citizen of the United States. *Darling v. Lake Cty. Bd. of Comm'rs*, No. 1:12 CV 194, 2012 WL 1902602, at *19 (N.D. Ohio May 5, 2012) (citing *Vakilian v. Shaw,* 335 F.3d 509, 518 (6th Cir. 2003)). The acts that allegedly deprive Plaintiff of equal protection must be the result of class-based discrimination. *Id*.

---

[2] To the extent that Plaintiff is asserting HIPAA and Federal Privacy Act claims, and regardless of whether Plaintiff can assert such claims regarding the records of another individual, those claims fail. "HIPAA ... does not afford individuals a private right of action. Rather, penalties for HIPAA violations are imposed by the Secretary of Health and Human Services." *Robinette v. Lazzerini*, No. 5:15-CV-2726, 2016 WL 931061, at *2 (N.D. Ohio Mar. 11, 2016) (citing 42 U.S.C. § 1320d-5(a)(1) and *Wilson v. Memphis Light, Gas & Water,* No. 12-2956-STA-TMP, 2013 WL 4782379, at *2-3 (W.D. Tenn. Sept. 5, 2013) (listing cases in which courts have held that HIPAA provides no private right of action)). And the Federal Privacy Act only applies to federal agencies. *Dewille v. Ohio*, No. 3:07 CV 3888, 2008 WL 440384, at *1 (N.D. Ohio Feb. 13, 2008) (The Act only applies to federal agencies, which by definition under the statute does not encompass state agencies or individuals.) (collecting cases); *Villa v. Vill. of Elmore*, No. 3:02CV7357, 2002 WL 31728970, at *5 (N.D. Ohio Dec. 3, 2002) (The Federal Privacy Act applies only to federal agencies) (citations omitted); *see also Watson v. Cobb*, No. 14-1034-JDT-EGB, 2015 WL 502314, at *1 (W.D. Tenn. Feb. 5, 2015) (plaintiff fails to state a Federal Privacy Act claim against doctor and hospital because the Act applies only to the disclosure of information by federal government agencies).

Plaintiff's civil conspiracy claim fails. Even liberally construed in Plaintiff's favor, the Complaint does not contain sufficient facts to establish the requisite "meeting of the minds" necessary for the existence of a conspiracy, nor does he allege class-based discrimination that deprives Plaintiff of equal protection of the law. *Id.* (dismissing § 1985 conspiracy claim for failing to allege "meeting of the minds" and class-based discrimination) (citation omitted). Plaintiff's conclusory allegations that Defendants acted in "malicious combination" to use Hankins' medical records to bring the Criminal Cases against him are insufficient to support a plausible § 1985 civil conspiracy claim.

Accordingly, Plaintiff's civil conspiracy claim is dismissed pursuant to § 1915(e).

**D. Count 3 is Dismissed**

Plaintiff alleges in Count 3 that Defendants fraudulently concealed the fact that Hankins' medical records were obtained without her written authorization, which prevented him from discovering that the records were illegally obtained to be used as evidence against him. To the extent that Plaintiff is asserting a state tort claim of Fraudulent Concealment against Defendants, the Court declines to exercise supplemental jurisdiction over that claim for the same reasons set forth in section E, and that claim is dismissed without prejudice.

To the extent that Plaintiff is attempting in this action to challenge his conviction based upon the alleged improper evidentiary use of Hankins' medical records in the Criminal Cases, he cannot do so. Habeas corpus is the exclusive remedy by which Plaintiff may challenge the fact or duration of his conviction and/or confinement. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973)). A state prisoner

cannot challenge his conviction outside of habeas corpus unless and until his conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck*, 512 U.S. at 486-87. Plaintiff does not allege or infer in the pleadings that the Criminal Cases have been resolved in his favor or invalidated in any of the ways articulated in *Heck*. Therefore, to the extent that Plaintiff is attempting to challenge his conviction on the grounds that illegally obtained evidence was used in the Criminal Cases, that claim is dismissed.

To the extent that Plaintiff is attempting to appeal any decision or ruling in the state court proceedings concerning the Criminal Cases, this Court lacks jurisdiction pursuant to the *Rooker-Feldman* doctrine. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of a state-court judgment." *Catz v. Chalker*, 142 F.3d 279, 295 (6th Cir. 1998) (quoting *Keene Corp. v. Cass*, 908 F.2d 293, 296-97 (8th Cir. 1990) (quoting *Pennzoil*, 481 U.S. at 25)), *amended on other grounds* 243 F.3d 234 (6th Cir. 2001). Federal appellate review of state court judgments can only occur in the United States Supreme Court. *See Feldman*, 460 U.S. at 483; *Rooker*, 263 U.S. at 415-16. The Court lacks jurisdiction to entertain such an appeal.

**E. Count 1 is Dismissed without Prejudice**

In Count 1, Plaintiff asserts a state law claim for negligence. Having dismissed all of Plaintiff's federal claims, the determination of whether to accept or decline supplemental jurisdiction over Plaintiff's state law claim is left to the sound discretion of the Court. *See* 28

U.S.C. § 1367; *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *Musson Theatrical v. Fed Express Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996). The Court's decision depends upon consideration of the issues of judicial economy, convenience, fairness and comity. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims[.]" *Musson Theatrical, Inc.*, 89 F.3d at 1254-55 (citations omitted).

The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. Accordingly, Count 1 is dismissed without prejudice. *Bullock v. City of Covington*, 698 F. App'x 305, 307 (6th Cir. 2017) ("Normally, when a court declines to exercise supplemental jurisdiction, the court dismisses the [state] claims without prejudice.") (citations omitted).

### III.  CONCLUSION

For all of the foregoing reasons, this case is dismissed pursuant to 28 U.S.C. § 1915(e) and closed. Plaintiff's Motion to Proceed with the Prosecution of this action is moot and denied as such. (ECF DKT #3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

                                      s/ Christopher A. Boyko
                                      **CHRISTOPHER A. BOYKO**
                                      **United States District Judge**

**Dated:** July 19, 2019